IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Crim. No. RDB-23-0296 |
| ERIC CHASE a/k/a David Blackwell | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Eric Chase ("Defendant" or "Chase") is charged in a three-Count Superseding Indictment with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (Count One); possession of firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (ECF No. 37 at 1–3.) These charges arose when Baltimore City Police Department officers stopped Chase on May 12, 2023, after allegedly observing him engage in multiple hand-to-hand drug transactions in an area known for drug-trafficking. (ECF No. 37 at 1.) During the course of the stop, the officers recovered various drugs and a firearm from Chase's person.

Among the motions currently pending before this Court are Defendant's Motion to Dismiss Count Two of the Indictment (ECF No. 31) ("Defendant's Motion to Dismiss") and Defendant's Motion to Suppress Statements (ECF No. 33).[1] On March 25, 2025, this Court

---

[1] Also pending before this Court are Defendant's Motion to Suppress Property (ECF No. 32) and Defendant's two Motions *in limine* (ECF Nos. 52 *SEALED*, 53 *SEALED*). Defendant's Motion to Suppress Property

1

heard oral argument from the parties. For the reasons set forth on the record and explained below, Defendant's Motion to Dismiss (ECF No. 31) is DENIED, and Defendant's Motion to Suppress Statements (ECF No. 33) is withdrawn as MOOT.[2]

## BACKGROUND

The charges against Chase arise from an investigatory stop of his person by Baltimore City Police Department ("BPD") officers near the 2000 block of Maryland Avenue, in Baltimore City at approximately 1:00 PM on May 12, 2023. (ECF No. 32 at 2; ECF No. 35 at 1.) The stop occurred after BPD Northern District Sergeant Schreven ("Sergeant Schreven") conducted surveillance of Chase via Baltimore's CitiWatch camera system[3] in the 2000 block of Maryland Avenue, which is known to law enforcement as an area of frequent drug trafficking activity. (ECF No. 32 at 2; ECF No. 35 at 1.) After observing Chase sit for an extended period in close proximity to apparent hand-to-hand drug transactions; walk down Maryland Avenue and perform two suspected "security checks" consistent with individuals carrying concealed firearms; and handle cash and a pill bottle after being approached by a woman on camera, Sergeant Schreven assembled a team to stop Chase.[4] Three BPD police

---

will be addressed by separate Memorandum Opinion, and his Motions regarding evidentiary issues will be addressed at a later date, as discussed on the record at the March 25, 2025, Motions Hearing.

[2] The Government asserted on the record at the Motions Hearing on March 25, 2025, that it does not intend to introduce Chase's statements and it believes the Motion to Suppress Statements (ECF No. 33) is moot. Chase agreed with the Government's assertion that the Motion is moot, and the Motion to Suppress Statements (ECF No. 33) is deemed withdrawn as MOOT.

[3] As Sergeant Schreven explained on the record at the Motions Hearing, CitiWatch is a camera system throughout Baltimore that enables law enforcement to observe individuals in public spaces.

[4] At the Motions Hearing, Sergeant Schreven testified that he had probable cause to stop Chase after observing Chase handle cash and pill bottle. This conflicts with the Government's description of events in its filings before this Court, *see* (ECF No. 35 at 11), and with other officers' statements to Chase during the stop. Despite this inconsistency, the CitiWatch camera footage and body-worn camera footage from May 12, 2023, clearly provided reasonable suspicion to conduct an investigatory stop of Chase.

officers were primarily involved in the stop: Sergeant Schreven, Officer Craig, and Officer Wallace. *See* (ECF No. 35 at 7.)

Upon stopping Chase, Sergeant Schreven pulled Chase's arms behind his back and began to handcuff him. Officers Craig and Wallace then began to search or pat down Chase's person, ultimately discovering various drugs and a 9 millimeter firearm from his person. At no point during the stop did the officers inform Chase of his *Miranda* rights. Based on the discovery of the drugs and firearm, Chase was charged in a three-Count Superseding Indictment with possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (Count One); possession of firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (ECF No. 37 at 1–3.)

On January 18, 2025, Chase filed a Motion to Suppress Statements (ECF No. 33) that he made during the stop and arrest and a Motion to Dismiss Count Two (ECF No. 31). The Government responded in Opposition to Chase's Motion to Dismiss (ECF No. 35). During the Motions Hearing held Tuesday, March 25, 2025, the Government contended on the record that it does not intend to introduce Chase's statements. Defense counsel acknowledged the Government's assertion and consented to withdraw the Motion to Suppress Statements (ECF No. 33) as MOOT. This matter is now ripe for review.

## STANDARD OF REVIEW

Rule 12 of the Federal Rules of Criminal Procedure provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a

trial on the merits." FED. R. CRIM. P. 12(b). As Judge Hollander of this Court has noted, therefore, "[u]nder Rule 12, the Court should dismiss criminal charges in an indictment 'where there is an infirmity of law in the prosecution,' such as an unconstitutional statute." *United States v. Jackson*, 661 F. Supp. 3d 392, 397 (D. Md. 2023) (quoting *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012). Where a defendant challenges the constitutionality of a statute underlying the charges in an indictment, he may raise a facial or as-applied challenge. *Id.*

In a facial challenge, a defendant raises a "claim that the statute is unconstitutional *not* as it applies to [the defendant's] own conduct, but rather 'on its face' as it applies to the population generally." *Id.* (alteration in original) (quoting *United States v. Miselis*, 972 F.3d 518, 530 (4th Cir. 2020) *cert. denied* 141 S. Ct. 2756 (2021)). To succeed on a facial challenge, a defendant must meet the "heavy burden" to show that "no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). The Fourth Circuit has recognized that facial challenges are "disfavored." *Miselis*, 972 F.3d at 530. In an as-applied challenge, however, a defendant raises a claim "based on a developed factual record and the application of a statute to [the defendant.]" *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

## ANALYSIS

In his Motion to Dismiss, Chase raises facial and as-applied challenges to 18 U.S.C. § 922(g)(1), under which he is charged in Count Two of the Superseding Indictment. (ECF No. 31 at 4.) Specifically, Chase contends that after *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Government cannot show that § 922(g)(1) is facially constitutional because there is no historical tradition of similar regulations. (ECF No. 31 at 5–6.) Similarly,

he asserts that the Government cannot show § 922(g)(1) is constitutional as applied to him because there is no historical tradition of disarming people like him who have been convicted of non-violent crimes. (ECF No. 31 at 5–6, 7.) In Opposition, the Government contends that, in the wake of *Bruen*, the U.S. Court of Appeals for the Fourth Circuit has held § 922(g)(1) constitutional both facially and as applied to individuals with non-violent predicate convictions. (ECF No. 40 at 1–3.)

Under *Bruen*, the Supreme Court rejected one part—the means-end scrutiny—of the two-part evaluation of a gun control law under the Second Amendment. 597 U.S. at 19. Specifically, the Supreme Court held that a gun control regulation is constitutional only if "the Second Amendment's plain text covers an individual's conduct" based on a "well established and representative" historic tradition of regulating such conduct. *Id.* at 24, 35. Even so, the Supreme Court has since recognized that 18 U.S.C. § 922(g) and similar laws are "presumptively lawful." *United States v. Rahimi*, 602 U.S. 680, 699 (2024).

Since *Bruen* altered the appropriate analysis of gun control regulations under the Second Amendment to the U.S. Constitution, the Fourth Circuit has definitively ruled on the constitutionality—both facially and as applied to non-violent offenders—of 18 U.S.C. § 922(g)(1). In *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), the Fourth Circuit explained that "[n]o federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first." *Id.* at 161. Accordingly, the Fourth Circuit determined that: "No matter which analytical path we choose, they all lead to the same destination: Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" *Id.* at 161 (quoting *Washington*

5

*State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)).  Applying this unequivocal holding to Chase's case, his facial challenge to 18 U.S.C. § 922(g)(1) fails.

Similarly, the Fourth Circuit has explained that an as-applied challenge to 18 U.S.C. § 922(g)(1) based on the defendant's non-violent predicate offense must fail.  *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024).  Specifically, the Fourth Circuit identified a historical tradition of regulating gun possession by non-violent criminal offenders because "[c]olonial-era offenders who committed non-violent hunting offenses were ordered to forfeit their firearms," and colonial governments disarmed individuals for non-violent offenses such as refusing to participate in the Church of England or refusing to declare an oath of loyalty.  Id. at 705–706.  Thus, although Chase argues that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because he has no prior violent felony convictions, the Fourth Circuit has explicitly recognized that Section 922(g)(1) is constitutional as applied to individuals with prior non-violent felony convictions.  *Hunt*, 123 F.4th at 706.  Accordingly, "[i]n the Fourth Circuit, a person convicted of a felony 'cannot make out a successful as-applied challenge to Section 922(g)(1) unless the felony is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful." *United States v. Holbert*, --- F. Supp. 3d ---, 2025 WL 242537, at *4 (E.D. Va. Jan. 19, 2025) (cleaned up) (quoting *Hunt*, 123 F.4th at 700).  In this case, Chase has not shown that his prior non-violent felony conviction was pardoned or that the law defining that conviction was deemed unlawful or unconstitutional.  As such, his as-applied challenge must fail.[5]

---

[5] As noted on the record at the Motions Hearing, Chase has preserved his as-applied and facial challenges to 18 U.S.C. § 922(g)(1) for appeal.

## CONCLUSION

For the reasons stated on the record at the March 25, 2025, Motions Hearing and explained above, it is hereby ORDERED that:

1. Defendant's Motion to Suppress Statements (ECF No. 33) is withdrawn as MOOT;

2. Defendant's Motion to Dismiss Count Two (ECF No. 31) is DENIED; and

3. The Clerk of this Court shall transmit a copy of this Memorandum Order to counsel of record in this case.

Dated: March 25th, 2025

/s/
_____
Richard D. Bennett
United States Senior District Judge