

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Patricia McLane*     *Suite 400*     DIRECT: 410-209-4942
*Assistant United States Attorney*     *36 S. Charles Street*     MAIN: 410-209-4800
*Patricia.McLane@usdoj.gov*     *Baltimore, MD 21201-3119*     FAX: 410-962-0717

July 7, 2025

The Honorable Richard D. Bennett
United States District Court Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. Eric Chase a/k/a David Blackwell*
                  Crim. No. RDB-23-296

Dear Judge Bennett:

      The Defendant, Eric Chase, is scheduled for a sentencing hearing September 10, 2025, at 2:30. The Government offers this brief sentencing letter in support of 60 months' imprisonment, which is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I. UNITED STATES SENTENCING GUIDELINES

      The Government agrees with the base offense level in the Pre-Sentence Report ("PSR"). PSR at ¶ 15. The Government also agrees with the criminal history in the report. *Id.* at ¶ 27. A sentence of 60 months is a guideline sentence, but regardless, it is sufficient but not greater than necessary to achieve the goals of sentencing.

## II. THE RELEVANT SECTION 3553(a) FACTORS

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

      The Court is very familiar with the nature and circumstances of the offense after presiding over a motion to suppress hearing in March 2025. The Defendant possessed numerous controlled substances for sale to others and possessed a loaded firearm to protect himself, his territory, his product, and his proceeds. Moreover, the Defendant did not act under the cover of night or in a covert location as evidence by the CCTV footage submitted during the hearing. He conducted a hand-to-hand transaction right in front of a very busy grocery store in broad daylight. The footage also showed a young child observing drug activity. The need to protect the public from further

crimes of the Defendant is great as he has no regard for administering poison to the citizens of Baltimore City and modeling this behavior to others, including children.

### B. History and Characteristics of the Offender

The PSR put it best, "[the Defendant] has been convicted numerous times for drug related charges". *Id.* at p. 17. And yet, despite all these convictions, two years' incarceration is the longest sentence received. The need for services is apparent from his lack of family support and employment record. *Id.* at ¶¶ 47, 50, and 59. 60 months' incarceration will provide time for the Defendant to focus on a career and gain important skills to prosper upon release.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, a 60-month sentence is the appropriate sentence in this case. This amount of incarceration is warranted because of the seriousness of the crime he admits to committing and is significant for a man of 32 who had previously served little time and received no benefit from state probation. *See id., generally.*

## IV. CONCLUSION

For these reasons, the Government respectfully submits that a sentence of 60-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Kelly O. Hayes,
United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800
Patricia.McLane@usdoj.gov